IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY M.D. BROOKS,

        Petitioner,

    vs.

ROGER WERHOLTZ, et al.,

        Respondents.

CIVIL ACTION
No. 09-3110-JWL

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions of one count of rape in violation of K.S.A. 21-3502(a)(1) and one count of aggravated battery, in violation of K.S.A. 21-3414(a)(1)(C).

**Background**

*Procedural history*

Petitioner was convicted in the District Court of Douglas County, Kansas, in August 2001. He was sentenced on September 24, 2001, to a term of 258 months.

Petitioner filed a direct appeal, alleging he was denied a fair trial by prosecutorial misconduct, the erroneous admission of evidence concerning a gang affiliation, insufficient evi-

dence, the erroneous denial of his motion to suppress, and cumulative trial error. He also challenged his sentence on the ground that his criminal history was improperly calculated due to the inclusion of juvenile adjudications.

The Kansas Court of Appeals affirmed the convictions. *State v. Brooks*, 67 P.3d 180 (Table)(Kan.App. April 11, 2003), *rev. denied*, 276 Kan. 970 (2003), *cert. denied*, 540 U.S. 1203 (2004).

Petitioner unsuccessfully sought post-conviction relief pursuant to K.S.A. 60-1507, alleging ineffective assistance of counsel and multiplicitous convictions. *Brooks v. Werholtz*, 184 P.3d 286 (Table)(Kan.App., May 30, 2008), *rev. denied*, (November 4, 2008).

Petitioner timely filed this petition for habeas corpus.

*Factual background*

The relevant events all occurred on March 2, 2001. The victim, D.C.; petitioner, and a friend, David Payne, spent the day together consuming alcohol and smoking marijuana. They spent the later part of the day riding around in D.C.'s car. D.C., who was to report to the Douglas County Jail that evening to serve a 48-hour sentence for driving under the influence, sat in the front passenger seat. Late that evening, they stopped at the home of a friend. Payne, who had been driving, went inside

the residence, and petitioner and D.C. stayed in the car. Petitioner moved to the driver's seat and drove the car to a secluded area, where it became stuck in mud. After trying to push the car, D.C. began yelling at the petitioner and struck him; he responded by striking her back.

The testimony at trial presented different versions of what occurred next, however, it was uncontested that the two argued, hit one another repeatedly, and eventually had sexual intercourse in the car.

Afterwards, because the car remained stuck, petitioner and D.C. left the area on foot. Eventually, they found someone willing to give them a ride, and they were left at their respective homes. The victim reported the assault the next morning on the urging of her father after he saw bruises on her face and body.

The evidence at trial showed the victim's face was bruised (R., p. 59-60), that her fingernails were broken (R., p. 60), and that her father found considerable damage to the interior of her vehicle, including broken knobs on the dashboard, a broken seatbelt base, the victim's broken fingernails in the car, and mud on the passenger seat, interior door panel, dashboard, and ceiling (R., pp. 136-41).

The victim testified that she rejected petitioner's

3

advances and fought with him before he removed her clothing and sexually assaulted her. (R., pp. 39-41.)

The victim's father testified he saw bruises on her face, back, and shoulder on the morning after the events (R., p. 131), and that he urged her to report her injuries to the police but she feared retaliation because of petitioner's possible gang affiliation (R., p. 143).

The police officer who interviewed the victim testified he noticed bruising on her eyes, one ear, cheek, and ankles and scratches on both her hands (R., pp. 165-66). The officer also testified that D.C. was reluctant to report the assault because of her fear of retaliation (R., p. 168) but eventually told him that she had been sexually assaulted (R., p. 169).

Petitioner was arrested in Arkansas, and the Lawrence, Kansas, detective who interviewed him there testified that petitioner first stated the sexual activity was consensual (R., p. 269) and later stated he conned the victim into sex by telling her he was going to leave her in the area where the car was stuck unless she engaged in sex with him (R., p. 289.)

At trial, petitioner testified the victim was upset because she would be unable to report to the jail on time. After he was unable to get the car out, he began to walk away to seek help, but the victim called him back (R., pp. 348-49). He testified

4

that after he returned to the car, D.C. calmed down, and they engaged in consensual sex. (R., pp. 350-54).

**Discussion**

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a federal court may grant habeas corpus relief to a state prisoner on a claim adjudicated on its merits by a state court only if (1) the state court's adjudication was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or (2) the adjudication was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The habeas court will presume that the state court's determination of factual issues is correct; the petitioner may rebut that presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Analysis**

**1. Prosecutorial misconduct.** Petitioner claims he was denied a fair trial due to prosecutorial misconduct.

Habeas corpus relief based upon prosecutorial misconduct is available only if the misconduct so infected the petitioner's trial with unfairness as to make the resulting conviction a

5

denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974); *Tolbert v. Ulibarri*, 325 Fed. Appx. 662, 664 (10th Cir. April 24, 2009)("Under *Donnelly* ... relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair.") The habeas court should "look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Fero v. Kerby,* 39 F.3d 1462, 1474 (10th Cir. 1994).

*a. Misstatement in closing argument*

During closing argument, the prosecutor stated, in part:

Ladies and gentlemen, as you will recall, Ricky Brooks got on the stand and said "I conned her into sex." That is an unequivocal statement that he forced her to have sex and she was overcome, at least in that respect, by fear. (State court rec. Vol. IV, p. 422.)

There was no objection to this statement. On appeal, petitioner asserted the prosecutor misstated the law and thereby encouraged a jury verdict on a legally deficient basis.

The Kansas Court of Appeals (KCOA) rejected that argument, finding the prosecutor's statement, when viewed in light of the entire closing argument, did not improperly suggest to the jury that "conning" behavior is tantamount to the commission of rape by force or fear. The KCOA noted that during closing argument,

6

the prosecution stressed the physical evidence that supported the commission of a forcible act, such the victim's broken fingernails, the presence of mud throughout the passenger area, and her testimony that the petitioner got on top of her in the passenger seat and assaulted her. Because there was no evidence of an intentional misstatement of the law, because there was strong evidence of rape committed by force or fear, and because the jury was properly instructed on the elements of the crime of rape, the KCOA determined the erroneous statement was harmless.

This court has reviewed the trial record and finds the evidence, taken as a whole, outweighs any likelihood that the prosecutor's misstatement unfairly prejudiced the petitioner. As discussed by the KCOA, the jury was properly instructed on rape, the evidence was strong, and there was no showing that the prosecutor intentionally misstated the law. In the context of the entire trial record, the prosecutor's reference in closing to petitioner's statement that he "conned" the victim did not unfairly infect the trial.

b. *Cumulative error arising from prosecutorial misconduct*

Petitioner also seeks relief on the ground that his trial was unfair due to other instances of prosecutorial misconduct involving the testimony of Detective Dan Ward, who interviewed D.C. and later interviewed petitioner. He specifically asserts:

7

(1) the state elicited hearsay testimony from the detective that D.C. suffered genital bruises; (2) the state elicited testimony that petitioner stated both that he wanted counsel but wanted to talk with the detective; and (3) the state elicited the detective's opinion that the sexual activity between D.C. and the petitioner was not consensual.

The KCOA summarily rejected the claims of prosecutorial misconduct. The KCOA cited the appropriate standard, namely, that an appellate court considering whether prosecutorial misconduct was prejudicial must determine whether there was little or no likelihood the error changed the outcome of the trial. The KCOA identified the factors to be considered as whether the misconduct is so gross and flagrant as to deny the accused a fair trial; whether the remarks show the prosecutor acted with ill will; and whether the evidence against the defendant is so strong that the misconduct likely would have little weight in the minds of the jurors. *State v. Brooks*, No. 88,373, pp. 7-8 (citations omitted).

Respondents point out the defense objection to the hearsay testimony concerning D.C.'s bruises was sustained and no additional testimony was given on that point, that the petitioner chose to speak to detectives and, in fact, did not unequivocally invoke the right to counsel, and that the

8

detective's testimony concerning his questioning of the petitioner described his skepticism during the interview that the sexual activity was consensual due to the fact that the victim had been struck.

Having considered the record, this court finds no basis to grant habeas relief. The state appellate court applied the correct standard of review and reasonably concluded the errors alleged, viewed in light of the record as a whole, did not deprive the petitioner of a fair trial.

**2. Sufficiency of the evidence**

Petitioner claims the evidence was insufficient to establish support a conviction of rape by force or fear.

A habeas court considering a claim of insufficiency of the evidence must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The inquiry in a habeas challenge to evidentiary sufficiency "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins,* 506 U.S. 390, 402 (1993). Therefore, in habeas, "the relevant question is whether, after viewing the evidence in the

9

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *see Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting *Jackson*).

Under Kansas law, rape is sexual intercourse with a person who does not consent because the victim is overcome by force or fear, because the victim is unconscious or physically powerless, or because the victim is incapable of giving consent due to mental deficiency or disease, or due to the effect of liquor, drugs, or other substance, where that condition was known by or is reasonably apparent to the offender. K.S.A. 21-3502(a)(1).

The KCOA determined that despite inconsistencies in D.C.'s testimony, there was sufficient evidence that she was overcome by force or fear to sustain the jury verdict against petitioner.

This court agrees the record is sufficient to support the jury's verdict. While it is uncontested that D.C. was under the influence of alcohol and marijuana at the time of the events, both her testimony and the physical evidence before the jury support the verdict. On this record, a rational trier of fact could reach a verdict of guilt on the charge of rape.

### 3. Denial of motion to suppress

Petitioner claims the trial court erred in denying his motion to suppress his statements to police after being given

10

*Miranda* warnings.

The trial court denied the motion to suppress, finding the petitioner, after being advised of his *Miranda* rights, stated "I want a lawyer but I want to talk to you". The trial court found that police then advised the petitioner that if he wanted a lawyer, they could not talk to him unless the lawyer was present, and that if he did talk to them, he could stop at anytime. The court found the petitioner chose to continue the interview, and the officers then again advised him of his *Miranda* rights and asked him to sign a written waiver before proceeding, which he did.

The KCOA affirmed the denial of the motion to suppress. The KCOA relied upon *Edwards v. Arizona*, 451 U.S. 477, *reh. denied*, 452 U.S. 973 (1981), in which the Supreme Court held that once a suspect invokes the right to counsel, any subsequent conversation must be initiated by the suspect, and *Davis v. United States*, 512 U.S. 452, 458-59 (1994), in which the Supreme Court held that a suspect's ambiguous or equivocal reference to an attorney does not require officers to stop questioning the suspect.

This court finds no basis to disturb the ruling. The trial court and the KCOA resolved petitioner's claims concerning his motion to suppress by applying the proper legal standards, and

11

petitioner has not rebutted the facts found by the trial court.

**4. Cumulative error**

Petitioner seeks relief from his conviction on the ground that he was denied a fair trial by cumulative error, citing his allegations of prosecutorial misconduct and the fact that detectives continued to converse with him after his ambiguous statement concerning a desire for counsel.

The KCOA rejected this claim, finding the errors in petitioner's trial did not prejudice his right to a fair trial. While the KCOA allowed "[t]here may have been some instances where certain testimony should not have been given; however, all other errors were without merit", it cited the evidence supporting the jury verdict, namely, D.C.'s testimony concerning petitioner and Detective Ward's testimony that petitioner admitted to the crime. *State v. Brooks*, (No. 88,373), *15.

Generally, cumulative error occurs when the "cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *Duckett v. Mullin,* 306 F.3d 982, 992 (10th Cir.2002) (quoting *United States v. Rivera,* 900 F.2d 1462, 1469 (10th Cir. 1990)). This analysis applies only where two or more actual errors are found. *Workman v. Mullin,* 342 F.3d 1100, 1116 (10th Cir. 2003).

Because this court has not found constitutional error in the claims petitioner cites as grounds for cumulative error, there is no foundation for relief.

**5. Ineffective assistance of counsel**

Petitioner claims he was denied the effective assistance of counsel at trial by (1) counsel's failure to object to the testimony of Detective Ward on the credibility of witnesses and on petitioner's invocation of his rights; (2) counsel's failure to object to the prosecution's statement during closing argument that petitioner conned D.C. into sexual activity; and (3) counsel's failure to request a jury instruction on mistake of fact on the issue of consent.

The KCOA rejected petitioner's claims of ineffective assistance arising from counsel's failure to request an instruction on mistake of fact, in failing to object to prosecutorial misconduct, and in failing to object to the admission of gang evidence.[1]

Petitioner presents a claim not raised in the state courts as a claim of ineffective assistance of counsel, namely, that

---

[1] The KCOA determined the failure to object to the admission of testimony concerning petitioner's gang affiliation was deficient performance but found that omission was not sufficiently serious to prejudice the defense. Petitioner does not present that claim in the petition for habeas corpus.

13

defense counsel erred in failing to object to the testimony of Detective Ward concerning D.C.'s belief that petitioner was affiliated with a gang. Where a petitioner fails to exhaust state court remedies and would not be unable to pursue relief in state court, the unexhausted claims are subject to a procedural default bar in habeas corpus. *Coleman v. Thompson,* 501 U.S. 722, 735, fn 1 (1991); *see also Dulin v. Cook,* 957 F.2d 758, 759 (10th Cir. 1992)(a petitioner's failure to exhaust his claims in state court results in "procedural default for the purposes of federal habeas review"). Such a default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" *Coleman,* 501 U.S. at 750, or can establish a claim of factual innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000)(citing *Herrera v. Collins*, 506 U.S. 390, 403-04 (1993)).

Here, the petitioner has offered no reason to excuse the procedural default, and the court finds no basis to conclude the failure to consider the unexhausted claim will subject petitioner to any fundamental unfairness.

In considering the petitioner's exhausted claims of ineffective assistance of counsel, the court applies the test

14

established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) which requires a petitioner to show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. at 687. The habeas court must consider "not whether [it] believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009)(quotations omitted).

The state trial court and the KCOA rejected petitioner's claims, and the decision of the trial court properly applied the *Strickland* standard. The KCOA found the trial court properly determined the failure to request a mistake of fact instruction was not prejudicial because the issue before the jury was whether the victim consented, not whether petitioner was factually mistaken concerning her consent.

Next, because the KCOA had found no prejudicial error in the prosecutorial misconduct alleged in petitioner's direct appeal, it concluded no ineffective assistance claim could be based upon the failure to object to that conduct.

Because the state courts applied the correct legal standard and reasonably determined the facts, the petitioner is not entitled to habeas corpus relief.

15

## Conclusion

For the reasons set forth, the court concludes the petition for habeas corpus must be denied. The state courts applied the proper legal standards, and their findings of fact were reasonable in light of the evidence in the record.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 16th day of August, 2010.

S/ John W.Lungstrum
JOHN W. LUNGSTRUM
United States District Judge